By the Court,

Nelson, Ch. J;
As the firms of 0. Vandermark & Co. and Norton, Ford & Co. were joint payees and endorsers,,the note must be regarded, prima facie, as business paper with which the former firm was connected, and therefore properly negotiated by one of the members. But the material question in the case is, whether the circumstances given in evidence were sufficient to make out a notice to the plaintiffs that O. Vandermark & Co. were accommodation parties. If so, the plaintiffs are properly chargeable with want of authority on the part of O. Vandermark to bind his firm. The making of accommodation endorsements is out of the scope of the partnership business of a mercantile house, and therefore not binding upon it, unless done with the express or implied assent of all the members of the firm. This is the rule, except where the paper comes to the hands of a bona fide holder. (Gansevoort v. Williams, 14 Wend. 133, 138; Wilson v. Williams, id. 146.)
*262 The only circumstance in the case tending to establish the plaintiffs’ knowledge of the relation which the firm of O. Vandermark & Co. occupied in respect to the note in question, without regard to the form in which it is made, is, that the note was sent in a letter to the plaintiffs by McNeil, one of the makers. This, I admit, had the debt for which the first note was given been the debt of McNeil’s firm, would, if unexplained, have been conclusive in favor of the defendant, for the reason given by the chancellor in Stall v. Catskill Bank, (18 Wend. 478.) But the first note was not given for the debt of McNeil’s firm, and therefore the fact of his possession and transmission of the note in question to the plaintiffs is not at all inconsistent with the presumption arising from the face of the note, viz. that it was business paper. The paper being sent to take up the note of third parties, the natural inference from the fact is, that McNeil acted as agent for this purpose in behalf of Norton, Ford & Co., the real debtors, for whose benefit the note held by the plaintiffs was about to be renewed. Besides, McNiel’s firm being endorsers upon the note that had just fallen due, he was interested in seeing that it was taken up ,• and this might well account, in the minds of the plaintiffs, for his being the medium of communication on behalf of the principal debtors. At least, I think it would be more natural for them to draw such an inference from the facts within their knowledge, than that McNeil’s firm had made the note and procured the names of the real debtors and of O. Vandermark & Co. as accommodation endorsers, for the mere purpose of taking up the first note.
It appears to me the transaction should be regarded in the same light as if the note had been transmitted by Norton, Ford & Co. to the plaintiffs. If such had been the case, there would have been no difficulty. Nothing would then have appeared to distinguish the transaction from the ordinary case of a party paying his debt by turning out to the creditor what appears, on its face, to be a business note.
*263 I am of opinion that the ruling of the learned judge at the circuit was correct, and that a new trial should be denied.
New trial denied.